UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01119-MWC-AYP                              Date: April 3, 2026

Title:   Elmer Julian Machado v. Kristi Noem *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order GRANTING IN PART *Ex Parte* Application for Temporary Restraining Order (Dkt. 3)**

Before the Court is Petitioner Elmer Julian Machado's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating Respondents[1] to release him from custody, enjoining Respondents from re-detaining Petitioner, prohibiting Respondents from transferring Petitioner outside of the District during the pendency of his habeas proceedings, and declaring that Petitioner's October 5, 2025, detention cannot constitute a valid affirmative act under USCIS procedures.  *See* Dkt. # 3-1 ("*App.*").  Respondents did not file an opposition, but instead a "Response" stating that Petitioner is entitled to only a bond hearing, *see* Dkt. # 9 ("*Response*"), and Petitioner replied, *see* Dkt. # 10 ("*Reply*").

The Court issued a standing order on March 11, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 5.

For the reasons set forth below, the Court **GRANTS IN PART** the Application.

---

[1] The Application lists Respondents as: Kristi Noem or the Acting Secretary of the United States Department of Homeland Security ("DHS"); Todd Lyons (the Acting Director of United States Immigration and Customs Enforcement ("ICE")); Jaime Rios (the Acting Director of the Los Angeles ICE Field Office); Fereti Semaia (the Warden of the Adelanto Detention Facility); ICE; United States Immigration and Citizenship Services ("USCIS"); and DHS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01119-MWC-AYP                    Date: April 3, 2026

Title:    Elmer Julian Machado v. Kristi Noem *et al.*


I.      Background

The Application details that Petitioner is a 25-year-old who entered the United States in 2018 as an unaccompanied minor after fleeing violence in Honduras.  *See App.* 1. Though immigration authorities initially placed Petitioner in removal proceedings, they ultimately determined that Petitioner was not a flight risk or a danger to the community and released Petitioner.  *See id.*  Petitioner has complied with all obligations of his release. *See id.*  On February 12, 2024, on the government's own joint motion, the Immigration Court dismissed Petitioner's removal proceedings.  *See id.*

On October 5, 2025, ICE detained Petitioner.  *See id.*  After doing so, ICE issued a new Notice to Appear and placed Petitioner back in removal proceedings.  *See id.*  ICE did not hold a pre-deprivation hearing to allow Petitioner to contest his detention.  *See id.* 2.

Petitioner avers that because Petitioner entered as an unaccompanied minor, he is entitled to protections under the Trafficking Victims Protection Reauthorization Act ("TVPRA").  *See id.*  He argues that USCIS "holds initial jurisdiction over asylum applications filed by unaccompanied alien children, a right further protected by the *J.O.P. v. D.H.S.* settlement."  *Id.*  Still, "USCIS issued a notice finding it lacks initial jurisdiction over his asylum claim, because ICE placed Petitioner in adult immigration detention before" Petitioner filed this case.  *See id.*

II.     Legal Standard

        A.      *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01119-MWC-AYP                                    Date: April 3, 2026

Title:    Elmer Julian Machado v. Kristi Noem *et al.*


underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

> B.    Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.   Discussion

> A.    *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since October 5, 2025, without receiving even a bond hearing to contest his detention. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give him some additional due process cannot cut against him. However, after months in continued detention without the requisite process, *ex parte* relief is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01119-MWC-AYP                                Date: April 3, 2026

Title:   Elmer Julian Machado v. Kristi Noem *et al.*


B.       Request for Release from Detention

         i.       *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention.  He argues that immigration authorities deprived him of the procedural protections that the Due Process Clause of the Constitution requires.  *See App.* 8–11.  "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004).  There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke his liberty, and that reliance was justifiable given his compliance with all conditions applicable to his release.  *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).  Petitioner's detention also impedes his ability to maintain gainful employment.  Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Petitioner notes that he received no pre-deprivation process of any kind.  *See App.* 10.  "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation."  *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025).  For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests.  Though the government has an interest in the steady enforcement of its immigration laws, the government's interest

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01119-MWC-AYP                              Date: April 3, 2026

Title:      Elmer Julian Machado v. Kristi Noem *et al.*

in detaining Petitioner without any procedural protections is slight.  *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).  Moreover, custody hearings for immigration detention are routine and impose a "minimal" cost on the government.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Respondents contest Petitioner's request for release from detention by arguing that he should receive only a bond hearing under 8 U.S.C. § 1226(a).  What Respondents fail to address, however, is that a bond hearing constitutes post-deprivation relief, which has no bearing on whether Respondents provided the requisite pre-deprivation relief.  *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." (citing *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025))).  Accordingly, Petitioner's entitlement to a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections.

The Court must heed the language in *Mathews* that "[a] claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing."  *See* 424 U.S. at 331.  Given the severe delay that comes with the receipt of post-deprivation bond hearings, and since the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities," *see Hernandez v. Sessions*, 872 F.3d 976, 995 (2017), a post-deprivation bond hearing cannot undo those harms.  And time in detention causes people to lose jobs that they may not be able to recover.  The argument that a post-deprivation hearing would provide full relief assumes that one can recover everything that comes with being free from detention for several months, a dubious proposition.

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01119-MWC-AYP                    Date: April 3, 2026

Title:    Elmer Julian Machado v. Kristi Noem *et al.*

### ii.      *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez*, 872 F.3d at 999).  Since denying Petitioner's Application would continue to deprive him of liberty without due process and subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### iii.     *Balance of Equities and Public Interest*

As detailed above, the last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws.  *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, Respondents have not articulated any interest in continuing to detain Petitioner in this case, nor is it clear than any such interest exists.  Moreover, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law.  *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01119-MWC-AYP                          Date: April 3, 2026

Title:     Elmer Julian Machado v. Kristi Noem *et al.*


     C.      Validity of Action Under *J.O.P. v. D.H.S.* Settlement Agreement

Petitioner asks the court to "[d]eclare that ICE's October 5, 2025 detention of Petitioner cannot constitute a valid affirmative act under the J.O.P. v. D.H.S. settlement agreement and USCIS's January 30, 2025, procedures memorandum."  *See App.* 20. Respondents do not engage this subject, *see generally Response*, and the Court is wary of wading into the province of the executive branch on limited briefing.  Nor does the Court deem a determination on this issue necessary while a TRO is in effect.  Accordingly, the Court will not rule on this aspect of Petitioner's requested relief at this juncture, but the Court **ORDERS** both parties to brief this issue when analyzing the necessity of a preliminary injunction.

IV.      Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)).  "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (cleaned up).  "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'"  *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary.  *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law.  No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01119-MWC-AYP                    Date: April 3, 2026

Title:     Elmer Julian Machado v. Kristi Noem *et al.*



V.      Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner immediately under the same conditions Petitioner was subject to prior to his October 5, 2025, detention.
2. When releasing Petitioner, Respondents must return any property seized from him in the course of his arrest and detention.
3. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing.
4. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

The Court further **ORDERS** Respondents to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.


**IT IS SO ORDERED.**

|                          |     : |
|--------------------------|-------|
| **Initials of Preparer** | TJ    |